UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MAURICIO PENATE,

Plaintiff,

v.

MARIE JOY CAYANAN MANNO, et al.,

Defendants.

No. 2:21-cv-00942 DB P

ORDER

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated plaintiff's Eighth Amendment rights by delaying treatment for plaintiff's serious medical need. Before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 8) and plaintiff's complaint for screening (ECF No. 1).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will be given the option to proceed on his cognizable claims or to be given leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 8.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

////

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

////

## II.     Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III.     Allegations in the Complaint

In his complaint plaintiff indicates that, at all relevant times, he was an inmate at California Health Care Facility, Stockton ("CHCF"). (ECF No. 1 at 1.) Plaintiff identifies as defendants: registered nurse ("RN") Marie Joy Cayanan Manno, certified nursing assistance S. Suson, RN S. Cuevas, and CHCF. (Id. at 1-2.)

In the complaint, plaintiff alleges the following: On September 23, 2020, plaintiff fell, landing on his back and hitting his head on the floor. (Id. at 3.) Plaintiff requested medical assistance using the emergency call light. (Id.) "After nobody responded to the call light" plaintiff began yelling "man down" to receive assistance. (Id.) Defendant Suson heard the plaintiff and informed defendant Manno that plaintiff needed assistance. (Id.) Defendant Manno attempted to contact plaintiff through an intercom system but plaintiff refused "to be access [sic] through an intercome [sic]." (Id.) When defendant Manno arrived and plaintiff's cell he informed defendant Manno that he had fallen, was in pain, and needed to be helped into his bed. (Id.) Defendant Manno then left and later returned with RN Huynh Quoc before leaving to end

her shift. (Id. at 4.) Defendant Manno was later ordered to return and assist the plaintiff by her supervisor. (Id.)

Plaintiff states that he "layed [sic] in pain and suffered for approximately 25 minutes" due to defendant Manno's actions. (Id. at 5.) Plaintiff also claims defendant Manno falsified documentation regarding this incident. (Id. at 4.)

Defendant requests relief in the form of one hundred thousand dollars ($100,000.00) in damages as well as defendant Manno's "license to be revoked". (Id. at 6.)

**IV. Does Plaintiff State a § 1983 Claim?**

**A. Eighth Amendment Generally**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

**B. Eighth Amendment – Medical Needs Claims**

If a prisoner's Eighth Amendment claim arises in the context of medical care, including mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id.

at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not

give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**C. Analysis of Medical Needs Claims**

**i. Defendant Manno**

Plaintiff has alleged facts that are sufficient to meet the minimum requirements to state a medical needs claim under the Eighth Amendment. In the complaint, plaintiff states that defendant Manno was aware that plaintiff had fallen, was in pain, and required medical assistance. (See ECF No. 1 at 3.) Plaintiff also claims that defendant Manno did not provide assistance for these issues until instructed to return to the plaintiff's room by her supervisor. (Id. at 4.)

A delay in providing care can create a claim for deliberate indifference. Hutchinson, 838 F.2d at 393-94. To establish such a claim, the plaintiff must show that the delay was harmful. See Hallett, 296 F.3d at 745-46; Berry, 39 F.3d at 1057; McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt, 865 F.2d at 200; Shapley, 766 F.2d at 407. The complaint effectively alleges that defendant Manno delayed providing plaintiff medical assistance and that, as a result, plaintiff spent that time on the floor in pain. Additionally, plaintiff's pain and inability to move from the floor could constitute a serious medical need. Farmer, 511 U.S. at 834. As such, the alleged delay in defendant Manno providing plaintiff with medical assistance is at least minimally sufficient to establish an Eighth Amendment deliberate indifference to medical needs claim against defendant Manno. See Hallett, 296 F.3d at 745-46.

Given the above, plaintiff has stated a potentially cognizable claim against defendant Manno for deliberate indifference to plaintiff's serious medical needs.

**ii. Defendants Suson and Cuevas**

Plaintiff has not alleged sufficient facts to state a claim for deliberate indifference to serious medical needs against defendants Suson and Cuevas. In order to state a claim under § 1983, a plaintiff must show that each defendant individually contributed to the deprivation of the plaintiff's rights. See Jones, 297 F.3d at 934. There must exist a clear connection between the

defendant's actions and the deprivation of rights. See Ortez, 88 F.3d at 809; Taylor, 880 F.2d at 1045.

In the present complaint, plaintiff has not included any allegations stating how defendants Suson and Cuevas contributed to the deprivation of plaintiff's rights. The complaint appears to describe these two defendants' apparent efforts to assist the plaintiff. If plaintiff intends to claim these defendants were involved in the deprivation of plaintiff's rights, any amended complaint must include that factual basis in order to support that claim.

Plaintiff will be given the option to amend his complaint to seek to state a claim against defendants Suson and Cuevas.

**iii. California Health Care Facility**

Plaintiff has failed to state a claim against CHCF. The identification of specific state actors is essential to a § 1983 civil rights claim. See 42 U.S.C. § 1983 (person acting under color of law requirement). Prisons are not "persons" within the meaning of § 1983. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (stating San Quentin is an arm of the state and thus, not a person for purposes of the Civil Rights Act); see generally Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001) (stating State is not a person for purposes of Section 1983 and thus, not proper defendant in litigation). Thus, plaintiff simply alleging that CHCF was involved in the deprivation of plaintiff's Eighth Amendment rights is not actionable.

**AMENDING THE COMPLAINT**

This court finds above that plaintiff alleged sufficient facts to state a cognizable claim against defendant Manno for deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment. However, plaintiff has not alleged sufficient facts to state any other claim. Plaintiff will be given the option to proceed on his cognizable claims or to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

////

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 8) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff states a cognizable Eighth Amendment claim against defendant Marie Joy Cayanan Manno.
4. Plaintiff fails to state any other cognizable claims in the complaint.
5. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
6. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.
7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: January 11, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/pena0942.scrn

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROBERT MAURICIO PENATE,<br>Plaintiff,<br>v.<br>MARIE JOY CAYANAN MANNO, et al.,<br>Defendants. | No. 2:21-cv-00942 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |
|---|---|

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment deliberate indifference claim against registered nurse Marie Joy Cayanan Manno. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

____ Plaintiff wants to amend the complaint.

DATED:_______________________

_________________________
Robert Mauricio Penate
Plaintiff pro se